UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohammad Hassanpoor, | No. 2:22-cv-00917-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Service King Paint & Body, LLC, | |
| Defendant. | |

Defendant Service King Paint & Body, LLC moves to dismiss plaintiff Mohammad Hassanpoor's individual overtime and minimum wage claims under the Fair Labor Standards Act (FLSA). It also moves to dismiss, strike, and stay Hassanpoor's FLSA collective overtime wage claim. For the reasons below, the court **grants in part** and **denies in part** the motion to dismiss: Hassanpoor's collective claim is dismissed with leave to amend while his individual claims survive. Accordingly, the motions to strike and to stay the collective claim are **denied as moot**.[1]

---

[1] The court **grants** the parties' request for judicial notice of documents filed in the related case *Moniz v. Service King, Inc.* No. 5:18-cv-07372-EJD (N.D. Cal.). *See* Def.'s RJN, ECF No. 15-3; Pl.'s RJN, ECF No. 21-1; *Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 923 (E.D. Cal. 2021) ("Courts routinely take judicial notice of documents on file in federal or state courts . . . ."), *aff'd on other grounds*, 37 F.4th 579 (9th Cir. 2022).

## I. BACKGROUND

Hassanpoor was a body technician, a non-exempt, hourly employee, for Service King in California, where he repaired vehicles after motor vehicle collisions. Compl. ¶ 1, ECF No. 1. Hassanpoor alleges Service King has a nationwide practice of not paying overtime wages to its body technicians. *Id.* ¶¶ 2, 10. For example, for one workweek in March 2022, he worked approximately 98 hours, but Service King paid him for only 31.39 hours without any overtime compensation. *Id.* ¶ 1. When he complained about his pay, Service King changed his name in the company record to "Good Animal" and fired him. *Id*.

Hassanpoor brings three FLSA claims against Service King: (1) failure to pay overtime wages, (2) failure to pay minimum wages, and (3) retaliation. *See generally id*. He styles his overtime wage claim as a FLSA collective action, without defining the collective's members. *See id*. ¶¶ 12–15. A related wage-and-hour class action against Service King is proceeding in the Northern District of California. *See id*. ¶ 3 (citing *Moniz*, No. 5:18-cv-07372-EJD). Service King now moves to dismiss Hassanpoor's individual overtime and minimum wage claims, and moves to dismiss, strike, and stay his collective overtime wage claim pending resolution of the related case. Mot., ECF No. 15. Hassanpoor opposes. Opp'n, ECF No. 21. Service King has replied. Reply, ECF No. 22. The court has submitted the matter on the papers.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

1    A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

### III.   ANALYSIS

#### A.   Individual Overtime and Minimum Wage Claims

A "plaintiff may establish a plausible [wage-and-hour] claim by estimating the length of [his] average workweek during the applicable period and the average rate at which [he] was paid, the amount of overtime wages [he] believes [he] is owed, or any other facts that will permit the court to find plausibility." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). While a plaintiff is not required "to identify a specific date or time frame for which they were deprived of overtime pay, minimum wages, a meal break, or a rest break," the plaintiff must "allege facts *demonstrating* there was at least one [day or] workweek in which they worked in excess of [eight or] forty hours and were not paid overtime wages or minimum wages." *Turner v. LTF Club Mgmt. Co., LLC*, 2022 WL 1018498, at * 5–6 (E.D. Cal. Apr. 5, 2022) (citing *Landers*, 771 F.3d at 645) (emphasis in original).

Here, Hassanpoor has demonstrated there was at least one workweek where he was not paid overtime or minimum wages. He alleges he worked 98 hours in one workweek but was paid for only 31.39 hours, none of which was compensated as overtime. Compl. ¶ 1. Although Service King argues Hassanpoor's allegations are implausible because they are inconsistent with the company's payment scheme, *see* Reply at 4–5 (citing RJN Exs. 2 & 3), this is a factual question better left for summary judgment. At the motion to dismiss stage, the court assumes Hassanpoor's factual allegations to be true. *See Steinle*, 919 F.3d at 1160. Construing his allegations "in the light most favorable" to him, *see id.*, he has pled plausible individual overtime and minimum wage claims.

3

Thus, the court **denies** Service King's motion to dismiss Hassanpoor's individual overtime and minimum wage claims.

### B.     Collective Overtime Wage Claim

However, Hassanpoor has not adequately pled his collective overtime wage claim because his complaint does not define his collective.  *See generally* Compl.; *see also* Opp'n at 12 (arguing his collective definition can be inferred from his allegations in the complaint).  Without a proposed definition, Service King can only speculate regarding the scope and nature of Hassanpoor's collective action and who might comprise the collective; thus, the complaint does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This issue is apparent from the online reviews Hassanpoor quotes in his opposition to argue in support of maintaining his collective claim.  The reviews are from employees with vastly different job titles, including "Customer Experience Representative," "Repair Planner," "Service Writer," "Collision Repair Technician," "Collision General Manager," and "Retail Planner."  *See* Opp'n at 11–12 & Ex. 4 (Indeed.com Reviews), ECF No. 21-6.  Without a proposed definition pled in the complaint, moreover, Hassanpoor's collective claim cannot proceed to the preliminary certification stage. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018) (preliminary certification requires "the collective *as defined in the complaint* [to] satisf[y] the 'similarly situated' requirement of section 216(b)) (emphasis added).

The court **grants** defendant's motion to dismiss Hassanpoor's collective claim with **leave to amend**.  Because the court dismisses Hassanpoor's collective claim, Service King's motions to strike and to stay the collective claim are **denied as moot**.

### IV.     CONCLUSION

For the reasons above, the court **grants** defendant's motion to dismiss plaintiff's FLSA collective overtime wage claim, **with leave to amend.**

The court **denies** defendant's motion to dismiss plaintiff's individual overtime and minimum wage claims.

4

1   Defendant's motions to strike and to stay plaintiff's collective overtime wage claim are
2   **denied as moot**.
3   Plaintiff may file any amended complaint within **14 days** of this order.
4   This order resolves ECF No. 15.
5   IT IS SO ORDERED.
6   DATED: October 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE